UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Freshcoat Services, LLC, | C/A NO   2:15-cv-02972-DCN |
| Plaintiff, | |
| v. | |
| | **COMPLAINT** |
| F.C. Franchising Systems, Inc. d/b/a FRESH COAT PAINTING DONE RIGHT; "FRESHCOAT," and/or "FRESH COAT"; and Jimmy's Professional Painting, Inc. d/b/a Fresh Coat of Charleston, | **(JURY TRIAL DEMANDED)** |
| Defendants. | |

Plaintiff, complaining of the Defendants, alleges and states as follows:

1. Plaintiff Freshcoat Services, LLC ("Plaintiff") is a South Carolina Limited Liability Company located and doing business at 706 C White Avenue West Columbia, South Carolina 29169.

2. Upon information and belief Defendant F.C. Franchising Systems, Inc. d/b/a FRESH COAT PAINTING DONE RIGHT, "FRESHCOAT," and/or "FRESH COAT" ("F.C. Franchising") is an Ohio corporation, with its principal place of business at 10700 Montgomery Rd., Ste. 300, Cincinnati, Ohio 45242, transacting business in the State of South Carolina.

3. Upon information and belief, Defendant Jimmy's Professional Painting, Inc. d/b/a Fresh Coat of Charleston ("Fresh Coat of Charleston") is a South Carolina corporation with its principal place of business at 10070 Dorchester Road, #51023, Summerville,

1

SC 29485. Freshcoat of Charleston is a painting company servicing Charleston, South Carolina and the surrounding communities.

4. As used herein, the term "Defendants" shall mean each Defendant individually and/or collectively, if any such distinction is required by law.

## BACKGROUND

5. Plaintiff is a residential and commercial painting company servicing numerous areas in South Carolina, including the Charleston area.

6. Plaintiff is the owner of U.S. Trademark Registration No. 2,404,359 for the mark DR. FRESHCOAT for "professional painting services, namely, providing residential building painting services for others" in International Class 37. A true and correct copy of this registration is attached as Exhibit A.

7. The DR. FRESHCOAT mark is incontestable under the provisions of 15 U.S.C. § 1065. The trademark is valid and subsisting and its registration has never been cancelled.

8. Since at least as early as 1998, Plaintiff has used and advertised, and continues to use and advertise, the DR. FRESHCOAT mark in interstate commerce.

9. Plaintiff's painting and painting related services include: painting walls and ceilings, ceiling and wall textures, trim work and moldings, custom staining and finishing, sheetrock repair, cabinet painting and finish work, caulking, sealing and repair work on drywall and woodwork, and concrete and epoxy floor coatings.

10. Customers have come to know and recognize the DR. FRESHCOAT mark and associate the DR. FRESHCOAT mark with Plaintiff and Plaintiff's painting and painting related services.

11. F.C. Franchising applied for registration of the mark FRESH COAT for "house painting" in International Class 37.

12. An examiner denied F.C. Franchising's application for registration of the FRESH COAT mark based on Trademark Act section 2(d) likelihood of confusion because the applied for mark was likely to be confused with the DR. FRESHCOAT mark. F.C. Franchising later abandoned the effort to obtain registration of the FRESH COAT mark.

13. F.C. Franchising subsequently applied for and was issued a registration for the mark FRESH COAT PAINTING DONE RIGHT. F.C. Franchising is currently the owner of U.S. Registration No. 4,581,589 for the mark FRESH COAT PAINTING DONE RIGHT for "consultation relating to painting of buildings" in International Class 37.

14. The FRESH COAT PAINTING DONE RIGHT mark was filed on July 5, 2013 pursuant to Section 1(a) of the Trademark Act, as an actual use application. Then, on November 20, 2013, F.C. Franchising changed that status to an intent-to-use application, under Section 1(b) of the Trademark Act.

15. F.C. Franchising filed a Statement of Use on May 8, 2014 alleging a date of first use on February 10, 2014 and date of first use in commerce on February 10, 2014.

16. F.C. Franchising's filed specimen for FRESH COAT PAINTING DONE RIGHT mark contains seven separate references to "FRESH COAT", while only making one reference to "PAINTING DONE RIGHT".

17. Plaintiff initiated a cancelation proceeding in the United States Patent and Trademark Office ("USPTO") for cancelation of the FRESH COAT PAINTING DONE RIGHT mark. That proceeding is currently pending.

18. Upon information and belief, Defendants sometimes identify themselves and their business as FRESH COAT PAINTING DONE RIGHT and regularly identify themselves and their business as "FRESHCOAT," "FRESH COAT," or "FRESH COAT OF CHARLESTON."  (all collectively and individually referred to as the "Infringing Marks")

19. F.C. Franchising, under the Infringing Marks offers painting services in more than 100 cities across North America.

20. Upon information and belief, the website www.freshcoatpainters.com is owned by F.C. Franchising.

21. The website www.freshcoatpainters.com shows locations all over the country, including "Fresh Coat of Charleston," located in Summerville, South Carolina.

22. The website www.freshcoatpainters.com offers potential clients an option to request a free quote for painting and painting related services, including a quote for services in the Charleston area.

23. The website www.freshcoatpainters.com also advertises franchising opportunities. On that portion of the website, the company brags about the "Fresh Coat" name and its marketing of that name and logo.  For example, the franchising opportunities webpage includes the following statements:

    - "Leveraging our National Affiliations helps build the brand, image and market rapport with clients. After all, image is everything!"

    - "Fresh Coat's comprehensive marketing program gives you a multitude of marketing materials to help you promote and build your painting franchise."

    - "When you use the Fresh Coat logo and name, you have access to a quality-based, customer service-oriented reputation in your market from the start, which is a valuable asset as you build your business."

24. Fresh Coat of Charleston offers painting and painting related services in the Charleston area and on its website www.freshcoatcharleston.com. It uses the Infringing Marks in advertising, offering for sale and selling its painting and painting related services.

25. Plaintiff informed Fresh Coat of Charleston of its infringement of the trademark DR. FRESHCOAT on May 24, 2014. Fresh Coat of Charleston became aware of the likelihood of confusion by its use of the Infringing Marks in relation to its services no later than May 24, 2014.

26. F.C. Franchising became aware of the likelihood of confusion by its use of the Infringing Marks when it was rejected registration of FRESH COAT based on the DR. FRESHCOAT mark.

27. Despite begin made aware of the likelihood of confusion, Defendants continue to use the FRESH COAT mark in conjunction with painting services.

## JURISDICTION

28. At all times relevant hereto, Defendants did business in the State of South Carolina.

29. This is an action for infringement of a federally-registered trademark in violation of the Lanham Act (15 U.S.C. § 1114(1)); cancelation of a registered trademark (15 U.S.C. § 1119); for unfair competition in violation of the Lanham Act (15 U.S.C. § 1125(a)); for fraudulently obtaining a registration for a trademark in violation of the Lanham Act (15 U.S.C. §§ 1058(A) and 1065); for cybersquatting (15 U.S.C. § 1125(d)); and for violation of South Carolina Unfair Trade Practices Act (S.C. CODE § 39-5-10 et seq.).

30. This Court has jurisdiction over the parties as well as the subject matter of this action. This court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and

28 U.S.C. §§ 1331 and 1338. The Court has subject matter jurisdiction over the related South Carolina state law claim pursuant to 28 U.S.C. §§ 1338 and 1367.

31. Defendants' acts of infringement of Plaintiff's registered mark have been committed in the District of South Carolina, Charleston Division, within the jurisdiction of this Court. Defendants have advertised their services under the Infringing Mark in this state and operate and advertise a location within the state that offer its services to the public, sold under the infringing marks.

32. Venue is proper in this court pursuant to 28 U.S.C. § 1391 as the defendant may be found or transacts affairs in this district and the claims alleged arose and are continuing to occur in this district.

### FOR A FIRST CAUSE OF ACTION
### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)
### AND CANCELATION OF MARK (15 U.S.C. § 1119)

33. Plaintiff restates the allegations set forth above.

34. Plaintiff brings this lawsuit to protect the substantial goodwill that it has developed in its distinctive DR. FRESHCOAT word mark and logo. Plaintiff's federally-registered trademark has gained a reputation as being a source of high quality painting and painting related services.

35. The goodwill and reputation for quality that Plaintiff has worked so hard to cultivate is being threatened by Defendants' actions. Defendants have used and continue to use the Infringing Marks, which are confusingly similar to Plaintiff's DR. FRESHCOAT mark, to sell competing services to consumers in Plaintiff's service areas. Unless Defendants are enjoined from using the Infringing Marks, such use will cause consumer confusion and will cause irreparable harm to Plaintiff.

36. Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

37. Plaintiff uses the DR. FRESHCOAT mark in its service areas in South Carolina, Tennessee, Texas, and North Carolina and on its website www.drfreshcoatpainting.com.

38. Plaintiff has invested substantial time, effort and financial resources promoting its DR. FRESHCOAT mark in connection with the marketing and sale of its services in interstate commerce. The DR. FRESHCOAT mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality services and its goodwill. The consuming public recognizes the DR. FRESHCOAT mark and associates it with Plaintiff.

39. Plaintiff's DR. FRESHCOAT mark is inherently distinctive as applied to Plaintiff's services.

40. Notwithstanding Plaintiff's established rights in the DR. FRESHCOAT mark and logo, on information and belief, Defendants adopted and used the confusingly similar Infringing Marks in interstate commerce in connection with the sale and offering for sale of residential and commercial painting services.

41. Defendants have advertised, offered for sale, and sold painting and painting related services in United States commerce under the Infringing Marks. Defendants continue to use the Infringing Marks in United States commerce.

42. Both Plaintiff and Defendants are using their respective marks in identical International Classes.

43. Plaintiff's services and Defendants' services are sold to identical or similar consumers through identical or similar channels of trade.

44. Defendants offer their services in the same service areas that Plaintiff offers its services. Upon information and belief, Defendants also own the following domain names www.freshcoatcharleston.com, www.freshcoatpainters.com, and www.freshcoatsummerville.com and advertises and sells its painting and painting related services at the websites connected to those domain names.

45. Without Plaintiff's consent, Defendants have used the Infringing Marks in connection with the sale, offering for sale, or advertising of its painting and painting related services.

46. Defendants have engaged in its infringing activity despite having constructive and actual notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of Plaintiff's use of the DR. FRESHCOAT mark.

47. Upon information and belief, Defendants have advertised and offered their services for sale using the Infringing Marks with the intention of misleading, deceiving or confusing consumers as to the origin of their services.

48. Plaintiff has requested in writing that Defendants cease and desist from the infringing actions but Defendants have not responded to these requests and have failed to comply with them.

49. Defendants' unauthorized use of the Infringing Marks in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and is likely to cause consumer confusion, mistake, or deception.

50. The FRESH COAT PAINTING DONE RIGHT mark so resembles Plaintiff's previously used and registered DR. FRESHCOAT mark as to be likely, when applied to Defendants' services, to cause confusion or mistake or to deceive by creating the erroneous impression Defendants' services originate with, or are associated with Plaintiff, or that Defendants' services are authorized, endorsed, or sponsored by Plaintiff.

51. Defendants' FRESH COAT PAINTING DONE RIGHT mark would dilute the distinctive quality of Plaintiff's DR. FRESHCOAT Mark, which is famous in the painting services market.

52. U.S. Registration No. 4,581,589 for F.C. Franchising's FRESH COAT PAINTING DONE RIGHT mark was obtained without license, authorization, or permission from Plaintiff.

53. The continued use of U.S. Registration No. 4,581,589 is contrary to 15 U.S.C. § 1052(d) and is violating and diminishing the prior and superior rights of Plaintiff's DR. FRESHCOAT mark.

54. Plaintiff has been and will continue to be damaged by the existence of Registration No. 4,581,589 because F.C. Franchising has obtained statutory rights in the FRESH COAT PAINTING DONE RIGHT mark in violation and derogation of the established prior rights of Plaintiff's DR. FRESHCOAT mark, in violation of 15 U.S.C. § 1052(d).

55. As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer loss of income, profits and goodwill and Defendants have and will continue to unfairly acquire income, profits and goodwill.

56. Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights.

57. Plaintiff has no adequate remedy at law.

58. Plaintiff is entitled to actual, statutory, and punitive damages and injunctive relief.

59. Additionally, the Court should order that U.S. Registration No. 4,581,589 for F.C. Franchising's FRESH COAT PAINTING DONE RIGHT mark be cancelled.

### FOR A SECOND CAUSE OF ACTION
### FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

60. The Plaintiff restates the allegations set forth above.

61. As its second ground for relief, Plaintiff alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62. Defendants' unauthorized marketing and sale of their services in interstate commerce using the Infringing Marks constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' services as originating from or connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce.

63. Defendants' actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

64. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits and goodwill and Defendants have and will continue to unfairly acquire income, profits and goodwill.

65. Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights.

66. Plaintiff has no adequate remedy at law.

## FOR A THIRD CAUSE OF ACTION
## FRAUD (15 U.S.C. §§ 1058 AND 1065) AND CANCELATION OF MARK (15 U.S.C. § 1119)

67. Plaintiff restates the allegations set forth above.

68. On or about June 14, 2005, F.C. Franchising was denied registration of the FRESH COAT mark based on it being cited as confusingly similar to the DR. FRESHCOAT mark by the examiner. F.C. Franchising, through one or more of its representatives, had knowledge of this denial and the DR. FRESHCOAT mark at all times relevant herein.

69. In an effort to knowingly mislead the USPTO and acquire federal trademark registration, F.C. Franchising, through one or more of its representatives, willfully applied for the FRESH COAT PAINTING DONE RIGHT mark on or about July 5, 2013 with the knowledge that their original trademark application for the FRESH COAT mark was rejected based on its similarity to the DR. FRESHCOAT mark.

70. At the time of submitting the application for the FRESH COAT PAINTING DONE RIGHT mark, F.C. Franchising, through one or more of its representatives, willfully deceived the USPTO as it has always had and continues to have the intent to refer to itself as "Fresh Coat" and/or "FreshCoat," not "Fresh Coat Painting Done Right".

71. In submitting its application on or about July 5, 2013 for U.S. Registration No. 4,581,589, F.C Franchising, through one or more of its representatives, signed and acknowledged a declaration that stated they did not know of any "other person, firm, corporation, or association [that] has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when

11

used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive." (the "Declaration")

72. At the time of signing the Declaration, F.C. Franchising, through one or more of its representatives, knew of and was aware of Plaintiff's registered mark for DR. FRESHCOAT and that the DR. FRESHCOAT mark precluded it from registering the FRESH COAT mark.

73. In so signing the Declaration, F.C. Franchising, through one or more of its representatives, made a false representation to the USPTO that it had no knowledge of Plaintiff's conflicting mark, despite having knowledge.

74. On or about May 8, 2014, F.C. Franchising, through one or more of its representatives, again agreed to the same Declaration when it submitted its Statement of Use with the USPTO to finalize and procure its trademark registration.

75. At all times relevant herein, F.C. Franchising, through one or more of its representatives, knew that Plaintiff has the right to use the DR. FRESHCOAT mark and that the DR. FRESHCOAT mark was such a near resemblance to both the FRESH COAT mark and the FRESH COAT PAINTING DONE RIGHT mark that it is likely to create confusion in the mind of the consumer.

76. The false representations that were willfully made by one or more of F.C. Franchising representatives were material to the registrability of the mark.

77. One or more of F.C. Franchising representatives had knowledge of the falsity of the representation at the time it was made.

78. One or more of F.C. Franchising's representatives made the representation with the willful intent to deceive the USPTO.

79. As a direct and proximate cause of the Defendants' conduct, Plaintiff has suffered damages and is entitled to actual, statutory and punitive damages.

80. Additionally, because U.S. Registration No. 4,581,589 for F.C. Franchising's FRESH COAT PAINTING DONE RIGHT mark was fraudulently obtained the Court should order U.S. Registration No. 4,581,589 cancelled.

<b><u>FOR A FOURTH CAUSE OF ACTION</u></b><br><b>CYBERSQUATTING (15 U.S.C. § 1125(d))</b>

81. Plaintiff restates the allegations set forth above.

82. Plaintiff owns the DR. FRESHCOAT mark.

83. Upon information and belief, Defendants have registered the domain name www.drfreshcoat.com.

84. The DR. FRESHCOAT mark was at the time of registration of the domain name and remains distinctive and famous. The registration of the www.drfreshcoat.com domain name violates Plaintiff's rights as the owner of the DR. FRESHCOAT mark. The www.drfreshcoat.com domain name is identical and/or confusingly similar to, or dilutive of, the distinctive and famous DR. FRESHCOAT mark.

85. Upon information and belief, Defendants had and continue to have bad faith intent to profit from the registration of www.drfreshcoat.com with reckless disregard of Plaintiff's rights in the DR. FRESHCOAT mark. Defendants willfully and intentionally registered the www.drfreshcoat.com domain name in an effort to harm Plaintiff, the owner of the DR. FRESHCOAT mark.

86. Plaintiff is being damaged by this conduct and is without an adequate remedy at law to compensate it for Defendants' wrongful acts.

87. As a direct and proximate cause of the Defendants' conduct, Plaintiff has suffered damages and is entitled to actual, statutory and punitive damages and an order transferring the domain name to the owner of the mark (Plaintiff) or the ordering the forfeiture or cancellation of the domain name.

88. This is an exceptional case and Plaintiff is entitled to recover reasonable attorneys fees pursuant to 15 U.S.C. §1117.

## FOR A FIFTH CAUSE OF ACTION
## VIOLATION OF SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT ("SCUTPA")(S.C. CODE § 39-5-20)

89. Plaintiff restates the allegations set forth above.

90. Defendants' aforesaid unauthorized use of the Infringing Marks constitutes unfair and captive trade acts or practices in the conduct of trade or commerce, in violation of Section 39-5-20(a) of the South Carolina Code.

91. Defendants willfully engaged in the unfair and deceptive trade acts or practices, Defendants' wrongful actions are offensive to the public interest, and Defendants' wrongful actions are capable of repetition.

92. Defendants' wrongful conduct is offensive to public policy/interest.

93. Defendants' wrongful conduct is likely to continue absent deterrence.

94. Defendants knew or should have known that their unfair and deceptive conduct was a violation of SCUTPA.

95. As a direct and proximate cause of the Defendants' conduct, Plaintiff has suffered damages and is entitled to actual, statutory, and treble damages, punitive damages, and reasonable attorneys fees.

**PRAYER FOR RELIEF**

WHEREFORE, incorporating all allegations previously set forth herein, the Plaintiff as set forth herein prays that this Court award judgment against the Defendants as follows:

1. Finding that the DR. FRESHCOAT mark has been and continues to be infringed by Defendants in violation of 15 U.S.C. § 1114(1);

2. Finding that Defendants' use of the Infringing Marks constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

3. Permanently enjoining and restraining Defendants and each of their agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from using the Infringing Marks or DR. FRESHCOAT mark with or without its accompanying logo, or any other designation alone or in combination with other words or symbols, as a trademark, trade name component or otherwise, to market, advertise or identify Defendants' paining and painting related services where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's DR. FRESHCOAT mark;

4. Ordering, pursuant to 15 U.S.C. § 1118, that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the Infringing Marks;

5. Enjoining, pursuant to 15 U.S.C. § 1119, the Director of the United States Patent and Trademark Office from issuing to Defendants any trademark registration for the Infringing Marks or any combination of words or symbols that would create a likelihood of confusion,

mistake or deception with Plaintiff's mark and canceling U.S. Registration No. 4,581,589 for F.C. Franchising's FRESH COAT PAINTING DONE RIGHT mark;

6. Ordering the transfer of the domain name www.drfreshcoat.com to the owner of the Plaintiff, or alternatively, ordering the forfeiture or cancellation of the domain name;

7. Awarding Plaintiff all damages it sustained as the result of Defendants' acts of infringement and unfair competition;

8. Awarding Plaintiff all profits received by Defendants from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

9. Awarding actual and treble damages under the SCUTPA;

10. Awarding Plaintiff its attorneys' fees and costs, because of the exceptional nature of this case resulting from Defendants' deliberate infringing actions and Defendants' violation of SCUTPA; and

11. Granting Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

                                      PRATT-THOMAS WALKER, PA

                                      /s/ John P. Linton, Jr.
                                      John P. Linton, Jr. (Fed Bar # 11089)
                                              Email: jpl@p-tw.com
                                              Direct: 843-727-2252
                                      Pratt-Thomas Walker, PA
                                      PO Drawer 22247
                                      Charleston, SC  29413-2247
                                      843-727-2200  Main

July 28, 2015                         843-727-2239  Facsimile
Charleston, South Carolina.